UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | | |
|---|---|---|
| **RICKEY HARLMON** | : | **CIVIL ACTION NO. 2:13-3253** |
| **FED. REG. #23248-076** | : | |
| **VERSES** | : | **JUDGE MINALDI** |
| | : | |
| **WARDEN MAIORANA** | : | **MAGISTRATE JUDGE KAY** |

### REPORT AND RECOMMENDATION

Before the court is a petition for writ of *habeas corpus* filed pursuant to the provisions of 28 U.S.C. § 2241 by *pro se* petitioner Rickey Harlmon. At the time of filing, petitioner was an inmate in the custody of the Federal Bureau of Prisons ("BOP") and was incarcerated at the Federal Correctional Institute in Oakdale, Louisiana ("FCIO").

This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. § 636 and the standing orders of the court. For the following reasons it is recommended that the petition be **DENIED** and **DISMISSED WITHOUT PREJUDICE**.

### *Background*

In his petition, Harlmon asserts that he is entitled to credit on his federal sentence for times he claims that he was in federal custody rather than state custody. Doc. 1, att. 1, p. 6. Specifically, he seeks credit from April 1, 2009, through June 28, 2010. *Id.*

Petitioner filed the instant petition on December 11, 2013. On June 12, 2014, correspondence sent to petitioner from this court was returned to the court with the notation "Return to Sender, Refused, Unable to Forward." Doc. 11, p. 1. Additionally, according to the

Bureau Of Prison's website, petitioner has been released from BOP custody. *See* http://www.bop.gov/imateloc (last visited Aug. 19, 2014).

## *Law and Analysis*

Petitioner's release from BOP custody requires the court to examine whether it has jurisdiction over this action. *See* Fed.R.Civ.P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."). As stated in *U. S. Parole Comm'n v. Geraghty*, 445 U.S. 388, 395, (1980), "[a]rticle III of the Constitution limits federal 'Judicial Power,' that is, federal-court jurisdiction, to 'Cases' and 'Controversies.'"  Under the case-or-controversy requirement, "[t]he parties must continue to have a 'personal stake in the outcome' of the lawsuit." *Spencer v. Kemna*, 523 U.S. 1, 7 (1998) (citing *Lewis v. Continental Bank Corp.*, 494 U.S. 472, 477-478 (1990)). A personal stake has been interpreted to mean that "plaintiff 'must have suffered, or be threatened with, an actual injury traceable to the defendant and likely to be redressed by a favorable judicial decision.' " *Id.*

Although an action "is not moot simply because a § 2241 petitioner is no longer in custody," it is rendered moot "when the court cannot grant the relief requested by the moving party." *Salgado v. Fed. Bureau of Prisons*, 220 Fed. Appx. 256, 257 (5th Cir. 2007) (citing *Brown v. Resor*, 407 F.2d 281, 283 (5th Cir. 1969); *Bailey v. Southerland*, 821 F.2d 277, 278 (5th Cir. 1987)). A moot case "presents no Article III case or controversy, and a court has no constitutional jurisdiction to resolve the issues it presents." *Adair v. Dretke*, 150 Fed. Appx. 329, 331 (5th Cir. 2005).

In the current *habeas* petition, petitioner seeks credit on his federal sentence which would entitle him to an accelerated release from confinement. Because petitioner has been released from BOP custody the court cannot grant the relief requested and his case is moot.

Therefore,

**IT IS RECOMMENDED** that this petition be **DENIED** and **DISMISSED WITHOUT PREJUDICE** as this court lack jurisdiction to consider same.

Under the provisions of 28 U.S.C. Section 636(b)(1)(C) and Rule 72(b), parties aggrieved by this Recommendation have fourteen (14) days from service of this Report and Recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen (14) days after being served with a copy of any objections or response to the District Judge at the time of filing.

Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. See *Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir. 1996).

THUS DONE this 17th day of September, 2014.

_____
KATHLEEN KAY
UNITED STATES MAGISTRATE JUDGE